UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TERRANCE K. PLEASANT, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 11-2265 (BAH) |
| ERIC D. WILSON, | ) ) ) | |
| Respondent. | ) ) | |

**MEMORANDUM OPINION**

The petition for a writ of habeas corpus initiating this *pro se* action is substantially the same as the habeas petition underlying Petitioner's earlier action that was dismissed in December 2011 for lack of jurisdiction. *Pleasant v. Wilson*, Civ. No. 11-2290 (UNA), slip op., 2011 WL 6749091 (D.D.C. Dec. 23, 2011) (hereafter "*Pleasant I*"); *see id.*, ECF No. 1 (Verified Pet. for Writ of Habeas Corpus, Mem. of Law); *cf. with* ECF No. 1 (instant action), Attach. (Verified Pet. for Writ of Habeas Corpus, Mem. of Law") and ECF No. 15 (Amended Verified Pet. for Writ of Habeas Corpus, Mem. of Law ("Am. Pet.")). Both petitions present challenges to Petitioner's convictions for first-degree murder and related offenses entered by the Superior Court of the District of Columbia in 1995 following a jury trial. *See Pleasant I*, 2011 WL 6749091, at *1 (stating criminal case history); Am. Pet. at 1-2.

On July 30, 2012, the Court denied Respondent's motion to dismiss this action and granted Petitioner's uncontested motion to file an amended petition. Order, ECF No. 14. Respondent now moves for reconsideration of that order and for dismissal of the original and amended petitions. Resp't's Mot. for Reconsideration of Court's Order of July 30, 2012 and to Grant [] Resp't's Mot. to Dismiss Pet. and Am. Pet., ECF No. 16. Petitioner opposes Respondent's motion to reconsider. *See generally* Pet'r's Opp'n to Resp't's Mot. for

Reconsideration of Court's Order of July 30, 2012 and to Grant Resp't's Mot. to Dismiss Pet. and Am. Pet., ECF No. 17.  Petitioner also moves "to treat Respondent's failure to respond to [his] amended complaint as a concession."  ECF No. 18.  Since Respondent's motion to reconsider and to dismiss was timely filed seven days after July 31, 2012, when the amended petition was filed on the docket, the Court will deny Petitioner's motion as baseless.

Respondent's Motion to Reconsider

Rule 54 of the Federal Rules of Civil Procedure authorizes the Court to revise its own interlocutory decisions "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities," Fed. R. Civ. P. 54(b), as justice requires.  *Powell v. Castaneda*, 247 F.R.D. 179, 181 (D.D.C. 2007) (internal citation and quotation marks omitted).  "As justice requires indicates concrete considerations of whether the court has patently misunderstood a party, has made a decision outside the adversarial issues presented to the [c]ourt by the parties, has made an error not of reasoning, but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the court."  *Id*. (quoting *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004)) (internal quotation marks omitted) (alterations in original).

In an apparent attempt to justify his failure to oppose Petitioner's motion to amend the habeas petition, Respondent points to Rule 5(a) of the Rules Governing Section 2254 Proceedings ("Habeas Rule"), Resp't's Mot. at 2, n.2, but that rule, captioned "The Answer and the Reply," states only that "[t]he respondent is not required to answer the petition unless a judge so orders."  In situations not addressed by the habeas rules, the Federal Rules of Civil Procedure apply "to the extent that they are not inconsistent with any statutory provision or these rules . . . ."  Habeas Rule 12; *see* Fed. R. Civ. P. 81(a)(4) (stating same).  The Court's local civil rules "govern all proceedings [and] supplement the Federal Rules of Civil and Criminal Procedure . . . ."  LCvR 1.1(a).  In motions practice before this Court, if a non-moving party fails to file an

opposing memorandum within 14 days of service of a motion, "the Count may treat the motion as conceded." LCvR 7(b).  Finding no good cause shown for revisiting the Order permitting the filing of the amended petition, the Court will deny Respondent's motion to reconsider.

Respondent's Motion to Dismiss the Amended Petition

Respondent argues for dismissal of this action on the grounds that the petition is (1) duplicative and (2) barred under the doctrine of res judicata.  *See* Resp't's Mot. at 3-5.  The Court will grant Respondent's motion to dismiss but not on these grounds.  "Though the doctrine of res judicata does not apply to habeas corpus cases, the fact that the same issues have been decided in a former proceeding may, and sometimes should, as a matter of judicial discretion, be given controlling weight." *Ex parte Jordan*, 158 F.2d 401, 401 (D.C. Cir. 1946).

In the earlier action, the Court determined that it lacked jurisdiction over the habeas petition because Petitioner's claims were reviewable under D.C. Code § 23-110.  *See generally Pleasant I*.  D.C. Code § 23-110 is the only available remedy for D.C. Code offenders to challenge their convictions and sentences absent a showing that the local remedy is inadequate or ineffective to test the legality of the detention.  *Id*. at 1-2.  In this action, Petitioner has not stated any new facts to cure the jurisdictional defect barring the earlier action.  Hence this case, too, will be dismissed for lack of jurisdiction.  A separate Order accompanies this Memorandum Opinion.

                                                                  /s/ *Beryl A. Howell*_____
                                                United States District Judge

DATE: October 5, 2012